571 A.2d 1091

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Forrest L. FICK, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1990.

Filed March 22, 1990.

Charles M. Guthrie, Jr., Asst. Dist. Atty., Reading, for Com., appellant.

Robert E. Giering, Reading, for appellee.

Before KELLY, POPOVICH and CERCONE, JJ.

POPOVICH, Judge.

The Commonwealth appeals from the September 11, 1989, order of the Court of Common Pleas of Berks County dismissing the charge of driving under the influence of alcohol [1] which was lodged against appellee, Forrest L. Fick. On appeal, the Commonwealth argues that the court im-

1. 75 Pa.C.S.A. § 3731(a)(1) & (3).

properly dismissed the charges brought under 75 Pa.C.S.A. § 3731. After thorough review of the record, we reverse.

On November 5, 1988, appellee was arrested for driving under the influence of alcohol or controlled substance and several summary offenses while driving a friend home from the Mt. Penn Tavern. Appellee entered a plea of guilty to the summary offenses. On January 19, 1989, District Justice Phyllis Kowalski bound the charges over for trial. Appellee filed a petition for a writ of habeas corpus on February 2, 1989, alleging that the Commonwealth had failed to establish a prima facie case. After a April 11, 1989, hearing, consideration of written memoranda and the transcript of the preliminary hearing of January 19, 1989, the lower court granted appellee's petition for a writ of habeas corpus and dismissed the driving under the influence charge. The Commonwealth filed this timely appeal on September 19, 1989.

■ It is well-settled that the prosecution has the burden of establishing at least prima facie that a crime has been committed and the accused is the one who committed it. *Commonwealth v. Ruza*, 511 Pa. 59, 63, 511 A.2d 808, 810 (1986). Instantly, the Commonwealth had to establish that appellee was driving, operating or was in actual physical control of the movement of his vehicle while:

(1) under the influence of alcohol to a degree which rendered him incapable of safe driving; or

(3) under the combined influence of alcohol and any controlled substance to a degree which rendered him incapable of safe driving; ...

75 Pa.C.S.A. § 3731(a)(1) & (3).

■ The Commonwealth argues that appellee's erratic driving, wide left-turn, apparent disorganization while looking for his driver's license and owner card, cursing, anger, his failure to pass the field sobriety tests, the odor of alcohol on his breath and the admitted use of medication established a prima facie case. We agree.

It was shown that appellee was using over-the-counter and prescription drugs to treat allergies. (N.T., 1/9/89, p. 24). Appellee testified that he took his medication at 6:00 p.m. and 10:00 p.m. (N.T., 1/19/89, p. 24). Three (3) witnesses corroborated appellant's statement that he had not consumed liquor during the night in question, (N.T., 1/19/89, pp. 31, 34 & 38–41), and no evidence was presented that appellee had been or was seen drinking. However, appellee stated that he took Nyquil six (6) hours prior to his arrest. (N.T., 1/19/89, p. 24). Nyquil contains 2.5 ounces of alcohol (N.T., 4/11/89, p. 5).

Appellee and a witness testified that appellee used Primatene Mist while at the bar. (N.T., 1/19/89, pp. 24 & 41). Appellee testified that the mist, used because of the smoke at the bar, smelled like alcohol, (N.T., 1/19/89, p. 24), and contained alcohol. (N.T., 1/19/89, p. 24). This statement was not contradicted by the district magistrate or the arresting officer who smelled the mist at the preliminary hearing. (N.T., 1/19/89, p. 25).

The Commonwealth's argument is also supported by one of appellee's witnesses. A passenger in appellee's car stated that he was in no condition to drive and that his driving was erratic. (N.T., 1/19/89, p. 42–43). The witness testified that he had asked appellee to allow him to drive but the car was stopped before a driving change could be made. (N.T., 1/19/89, p. 42).

The word alcohol, as used in 75 Pa.C.S.A. § 3731, is not defined. However, we cannot limit its definition to name-brand liquors. Admittedly, appellee used two (2) products containing alcohol and supplemented that use with a decongestant and a commercial sleep product. (N.T., 1/19/89, pp. 24). The combination of these items affected appellee's driving, as characterized by the Commonwealth's case and appellee's own witness.

The citizens of this Commonwealth must be made aware that driving under the influence of alcohol is not limited to alcohol in the traditional sense. The law does not excuse individuals who drive under the influence of prescription

drugs and over-the-counter medications which contain alcohol. These items can and will affect driving ability to the same degree as liquor and controlled substances.

The district magistrate who conducted the preliminary hearing stated that:

> ... the court has no doubt as to the truthfulness of the testimony of the defendant in the manner in which this happened. However, the defendant admittedly used three different types of drugs earlier in the evening, one being a prescription or a controlled substance. On that basis, I am going to hold these charges over for court.

(N.T., 1/19/89, p. 49).

Appellee's driving behavior and admitted ingestion of medication established a prima facie case for driving under the influence. Therefore, we find that the lower court erred by granting appellee's writ of habeas corpus.

Reversed, vacated and jurisdiction is relinquished.