## Commonwealth v. Sebring

80

. . . ."

C.P. of Monroe County, no. 583 Criminal 1995.

*David W. Skutnik,* for the Commonwealth.
*Brian Germano,* for defendant.

MILLER, *J.,* August 29, 1996—

## I. FINDINGS OF FACT

(1) Defendant, Serravic Sebring, was an employee of Dr. Meredith Stempel hired to do all billing in the medical office.

(2) The billing functions of the medical office were computerized, and defendant was the only person in the office who was computer literate.

(3) The defendant planned to take a three-week vacation.

(4) Doctor Stempel instructed defendant to train a replacement worker to use the computer, including the billing functions, while she was vacationing.

(5) The defendant changed the computer password to the billing functions without the prior authorization of Dr. Stempel and failed to inform Dr. Stempel of the password change.

(6) After defendant left for vacation, Dr. Stempel and the replacement worker were unable to access the billing functions.

(7) No billing functions could be performed until Dr. Stempel contacted a Mr. Wilkins who was able to by-pass the password change and access the billing functions.

(8) On March 3, 1996 at an unemployment compensation hearing, the defendant admitted to changing the password prior to leaving on vacation because she felt the replacement worker was incompetent and she did not want to return to three weeks of chaos.

## II. DISCUSSION

The district attorney has filed a criminal information charging the defendant with two felonies—unlawful

use of computer—destroy data (18 Pa.C.S. §3933(a)(1)) and unlawful use of computer—access (18 Pa.C.S. §3933(a)(2)). Counsel for defendant has filed a motion for writ of habeas corpus. The standard to be applied in determining whether or not a writ of habeas corpus should be granted is whether or not the Commonwealth has established a prima facie case. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). The Commonwealth must establish at least a prima facie case that a crime has been committed and that the accused is the person who committed the crime. *Commonwealth v. Fick,* 391 Pa. Super. 625, 571 A.2d 1091 (1990). To establish a prima facie case, the Commonwealth must show "sufficient probable cause to believe that the defendant had committed the offense." *Commonwealth v. Smith,* 212 Pa. Super. 403, 407, 244 A.2d 787, 789 (1968).

Both the Commonwealth and the defendant stipulated that the court should decide this matter based on the evidence presented at the preliminary hearing and placed the transcript into the record.

The relevant statutory language under which the defendant was charged reads as follows:

"(a) Offense defined.—A person commits an offense if he:

"(1) accesses, alters, damages or destroys any computer, computer system, computer network, computer software, computer program or data base or any part thereof, with the intent to interrupt the normal functioning of an organization or to devise or execute any scheme or artifice to defraud or deceive or control property or services by means of false or fraudulent pretenses, representations or promises;

"(2) intentionally and without authorization accesses, alters, interferes with the operation of, damages or destroys any computer, computer system, computer network, computer software, computer program or computer data base or any part thereof; . . ." 18 Pa.C.S. §3933.

Applying the facts to the charge under (a)(2) of the statute, the Commonwealth has presented a prima facie case showing that the defendant intentionally and without authorization either altered or interfered with a computer program or computer software.

Looking to the charge under (a)(1) of the statute requires a slightly different analysis. Two separate and distinct intent elements exist, and either "intent to interrupt the normal functioning of an organization," or intent "to devise or execute any scheme or artifice to defraud or deceive or control property or services by means of false or fraudulent pretenses, representations or promises" will suffice if shown to exist. *Commonwealth v. Gerulis,* 420 Pa. Super. 266, 281, 616 A.2d 686, 694 (1992). The first of these two intent elements is met under the facts before this court, and thus the second element need not be considered at this time. The defendant consciously engaged in the conduct of changing the password. The defendant intended to prevent access to the computer by changing the password, and to interrupt the normal billing cycle until her return from vacation. The fact that the interruption in billing actually did occur, as evidenced by the need for Dr. Stempel to procure the services of Mr. Wilkins to restore normal computer billing, is not important. The above conclusions are proper because a fact-finder may conclude that a person "intended the natural and probable

consequences of his act." *Commonwealth v. Thomas,* 465 Pa. 442, 447, 350 A.2d 847, 849 (1976).

The testimony at the preliminary hearing makes out all the essential elements of either of the offenses charged.

## III. CONCLUSIONS OF LAW

(1) The Commonwealth has established a prima facie case of unlawful use of computer under either 18 Pa.C.S. §3933(a)(1) or (a)(2).

## ORDER

And now, August 29, 1996, the defendant's motion for writ of habeas corpus is denied.