436 A.2d 134

**COMMONWEALTH of Pennsylvania**

v.

**Wali Farid RASHED a/k/a Curtis Davis, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 21, 1981.

Decided Oct. 27, 1981.

28

William B. Borrebach, Jr., Media, for appellant.

Vram Nedurian, Jr., Newtown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Court of Common Pleas of Delaware County denying appellant's petition for relief under the Post Conviction Hearing Act. We agree with the post-conviction hearing judge that none of appellant's claims merits relief. Hence we affirm.

Appellant Wali Rashed (formerly Curtis Davis) was arrested in December of 1968 and charged with murder, voluntary and involuntary manslaughter, and robbery. On September 25, 1969, appellant was found guilty, after a jury trial, of murder of the first degree, voluntary manslaughter, and two counts of robbery. On appeal, this Court reversed

the judgments of sentence and granted appellant a new trial because of prejudicial remarks made by the district attorney during trial. *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973). On remand, appellant was found guilty by a jury of murder of the first degree and robbery. The court imposed a sentence of life imprisonment on the murder count and a consecutive sentence of ten to twenty years' imprisonment on the robbery count. This Court unanimously affirmed on appeal. *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976).

With the assistance of counsel, appellant then sought post-conviction relief. Following seven evidentiary hearings and the submission of four amended petitions, the post-conviction hearing court rejected all of appellant's contentions and dismissed his petition. Hence this appeal.

On this appeal, briefs have been submitted both by counsel for appellant and by appellant himself. The errors asserted in the brief prepared by counsel have been commendably articulated and forcefully advocated. Appellant's pro se brief addresses many of the same errors and advances additional contentions, primarily related to discrepancies in dates and times on the record. We turn first to the claims set forth in the brief submitted by counsel.

■ Appellant's first claim of error is a challenge to the validity of the search warrant through which evidence, including the murder weapon, was obtained and used against him at trial.[1] According to appellant, all his previous counsel were ineffective for failing to challenge the warrant as based on stale information. Although the claim of ineffective assistance has not been previously litigated, *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979), appellant has failed to substantiate his bare allegation of "staleness." Thus, the post-conviction court correctly dismissed this claim.

1. The question of the existence of probable cause to justify the issuance of the search warrant was addressed and decided adversely to appellant on direct appeal. *Commonwealth v. Davis*, 466 Pa, at 109–12, 351 A.2d at 645–46.

■ Appellant further contends that all of his previous counsel were ineffective for failing to challenge the execution of the search warrant between 7:00 p. m. and 8:00 p. m. as an unconstitutional "nighttime search." Needless to say, nothing in the Constitution or in our case law forbids the execution of an "any time" warrant in the early evening, nor has appellant demonstrated any impropriety in the magistrate's authorization of an "any time" search.[2] Thus, this claim was also correctly dismissed.

■ Appellant's belated challenges to pretrial proceedings and accompanying claims of ineffective assistance of counsel are likewise without merit. Appellant first argues that his counsel should have filed a motion to quash the transcript of the preliminary hearing because the Commonwealth failed to prove a prima facie case. On the contrary, our review of the record convinces us that the Commonwealth presented sufficient admissible evidence to establish a prima facie case against appellant. In any event, the defects alleged have long since become moot, for appellant was subsequently indicted by a grand jury and convicted in a jury trial on evidence whose sufficiency was upheld by this Court on direct appeal. *Commonwealth v. Gordon*, 254 Pa.Super. 267, 385 A.2d 1013 (1978). See *Commonwealth v. Krall*, 452 Pa. 215, 304 A.2d 488 (1973).[3]

■ Appellant also claims that he was denied the "right of confrontation" at his preliminary hearing because an eye-

**2.** Our present Rules of Criminal Procedure governing search warrants were adopted on March 28, 1973. These rules for the first time set forth a requirement that warrants authorizing nighttime searches be supported by affidavits showing reasonable cause for conducting a nighttime search, Pa. R.Crim.P. 2003(c), and defined "daytime" as the hours from 6 a. m. to 10 p. m., Pa. R.Crim.P. 2005(e).

**3.** We also reject as meritless appellant's contention that his counsel was ineffective for failing to petition to quash the grand jury indictments. Appellant argues that the grand jury's deliberations were prejudiced by the Commonwealth's submission of two unrelated bills of indictment for robbery. Appellant has failed to demonstrate that the indictments were defective, nor has he shown that any prejudice resulted from the grand jury's consideration of bills of indictment besides those for the felony murder.

witness to the murder, Joseph Cusack, was allegedly present at the hearing but did not take the witness stand. Contrary to appellant's assumption, there is no obligation, constitutional or otherwise, on the Commonwealth to produce all of its potential witnesses at a preliminary hearing.[4] As this court has observed,

> "[t]he primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention. It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection. It is not a trial in any sense of the word."

*Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 15, 198 A.2d 565, 567 (1964). Accord, *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978). In any event, the record reveals that appellant cross-examined eye-witness Cusack thoroughly at trial. This contention is therefore rejected.

■ Appellant raises a second claim based upon Cusack's alleged presence at the preliminary hearing. He argues that since Cusack had failed to identify him at a lineup conducted prior to the preliminary hearing, Cusack's subsequent in-court identification of appellant was impermissibly tainted by his alleged observation of appellant at the hearing. Thus, appellant argues, his counsel was ineffective for failing to attempt to suppress Cusack's testimony on this basis. This Court has already held, in response to appellant's challenge on direct appeal, that Cusack's inability to identify appellant at the lineup did not affect the admissibility of Cusack's in-court identification testimony, but only its weight and credibility. 466 Pa. at 113, 351 A.2d at 64. The independent basis of Cusack's identification of appellant was elicited in detail by the Commonwealth and subjected to rigorous cross-examination at both of appellant's trials. In

---

4. Of course, the accused may cross-examine those witnesses offered against him and introduce witnesses on his own behalf. Pa. R.Crim.P. 141(c).

the face of this demonstrated independent basis, a motion to suppress the identification testimony of Cusack would have succeeded only upon a showing that the alleged sighting of appellant by Cusack "was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Here, appellant's unsupported allegation, even if true, does not seriously undermine the reliability of Cusack's in-court identification. Because the trial court would have properly denied a motion to suppress Cusack's testimony, see *Commonwealth v. Smith*, 262 Pa.Super. 258, 398 A.2d 744 (1978), appellant's claim that his counsel was ineffective for failing to pursue this issue must be rejected. As we have often stated, counsel will not be held ineffective for failing to perform a futile act. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

Appellant next argues that the post-conviction hearing judge should have recused himself because he also presided over appellant's trial. Ordinarily, the practice of permitting the same judge who presided at trial to preside over post-conviction hearings is regarded as beneficial to all concerned, since familiarity with the case may assist a judge in reaching fair and efficient decisions. Only if it is shown that the interests of justice warrant recusal will a hearing be ordered before a different judge. *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978); *Commonwealth v. McKelvey*, 257 Pa.Super. 409, 415 n.4, 390 A.2d 1302, 1305 n.4 (1978). The sole grounds upon which appellant argues that the post-conviction hearing judge should have recused himself are that the judge found no merit in any of appellant's claims and that the judge often told appellant during the hearings to "hurry his case along and get to the point of his arguments." Appellant's first ground is, of course, not a basis for recusal. As to the second ground, the record reveals that the hearing judge was exceptionally fair and patient with appellant during the course of the seven evidentiary hearings conducted with regard to appellant's petition. The judge acceded to appel-

lant's insistence on presenting much of his own case and permitted appellant both to examine and cross-examine witnesses extensively and to argue his points at length, interceding only when appellant became unduly digressive or repetitive. The claim, therefore, is meritless.

█ In his pro se brief appellant argues that the transcript of one of his post-conviction hearings, at which two of his former counsel testified, was materially altered, and that he should be granted a new evidentiary hearing on the issue of ineffective assistance of counsel. Appellant contends that because the transcript notes the hearing date as December 12, 1978, instead of December 8, 1978, when appellant alleges the hearing took place, the entire transcript should be regarded as suspect. The post-conviction hearing court addressed this contention and found the transcript to be accurate, regardless of the correct hearing date. Although appellant has presented numerous exhibits to show that the hearing in fact took place on December 8, he has presented no valid reasons why this Court should reject the finding of the post-conviction court, nor has he demonstrated that any prejudice resulted from the alleged discrepancies in the transcript. Thus, we reject this contention.

█ We likewise reject appellant's claim that the denial of certain transcripts of trial testimony unfairly prejudiced his ability to present his case for post-conviction relief. The post-conviction hearing court found that appellant was not denied the transcripts in question. Moreover, the issue which appellant claims he would have pursued, involving the credibility of a Commonwealth witness, has already been litigated and decided adversely to appellant.[5]

Appellant and his counsel have sought to expose every imperfection that might arguably exist in the twelve-year record of appellant's case. However, as this Court observed on appellant's second direct appeal,

5. We do not address appellant's final claim that his present counsel has been ineffective throughout the course of the post-conviction proceedings, for it is not properly before us on this record.

"[a]lthough a perfectly conducted trial is indeed the ideal objective of our judicial process, the defendant is not necessarily entitled to relief simply because of some imperfections in the trial, so long as he has been accorded a fair trial. 'A defendant is entitled to a fair trial but not a perfect one.'"

*Commonwealth v. Davis*, supra, 466 Pa. at 117, 351 A.2d at 649 (quoting cases). Our review of the record discloses no basis for disturbing the determination of the post-conviction hearing court. Appellant was fairly tried and justly convicted. Accordingly, we affirm the order dismissing appellant's petition.

Order affirmed.