511 A.2d 808

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John RUZA, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1985.

Decided June 23, 1986.

John A. Reilly, Dist. Atty., Helen Kane, Dennis C. McAndrews, Asst. Dist. Attys., for appellant.

Dennis Woody, Media, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The Commonwealth of Pennsylvania appeals, by allowance, the Superior Court Order which, by unreported Memorandum Opinion of Spaeth, P.J., Beck and Tamilia, JJ., reversed the judgment of sentence of the Court of Common Pleas of Delaware County, quashed the information, and discharged the Appellee, 329 Pa.Super. 567, 478 A.2d 896 (1984). The basis of the action of Superior Court was that Appellee had not been provided a preliminary hearing.

The facts of the case are as follows: During the early morning hours of May 20, 1979, Appellee entered Valle's Steakhouse in Springfield Township, Delaware County. Appellee had been dating one of the restaurant's employees, Cindy Contina, for several months and had been in the restaurant three to four times a week over that period to meet her at closing time. Appellee was, therefore, well known to the restaurant's staff and, on occasion, had long conversations with the restaurant manager, Frederick Holder.

On this particular occasion, Appellee inquired concerning Cindy Contina and was advised that she had already departed. Appellee then left the office and, Mr. Holder presumed, left the restaurant. A few minutes later, while the manager was still on the phone, Appellee reappeared and invited Mr. Holder to accompany him for a drink. Mr. Holder declined, indicating he had an early morning the following day. Appellee left and re-entered the office a third time, about four minutes later. The manager was no longer telephoning and was told by Appellee: "Fred, you've been set up, I'm holding you up." Appellee had come armed with a French chef's knife with a blade some ten to twelve

inches long. As Mr. Holder started to object, Appellee slashed his right arm.

The manager, now fearing for his life and with Appellee holding the knife against his chest, opened the restaurant safe, which contained Saturday's and Sunday's receipts approximating $20,000.00. Appellee took the money and Mr. Holder's wristwatch. During this incident, Appellee held the knife to Mr. Holder's neck and told him that if the robbery was reported, Appellee would kill him, his fiance, and Cindy Contina. Appellee then exited the restaurant. Mr. Holder called the police and was taken to the hospital.

Appellee fled the jurisdiction, first to Atlantic City, New Jersey, and then to the southern United States. The Federal Bureau of Investigation was notified, and a Federal Flight to Avoid Prosecution Warrant was issued for Appellee's arrest. Almost two years later, on February 6, 1981, Appellee was arrested in the State of Georgia, and ultimately was returned to Pennsylvania to face charges stemming from this incident.

During the absence of Appellee, between the commission of the offense and his return to custody in Pennsylvania, the victim, Frederick Holder, had removed himself permanently to Florida.

On February 26, 1981, the Commonwealth sought special leave under Pa.R.Crim.P. 231[1] to file the instant information without the holding of a preliminary hearing.

The court entered the following stamp order:

Special leave granted to file District Attorney's Criminal Information for reasons stated on the record at a public hearing held this *26th* day of *Feb 1981 A.D.* JRC

---

1. Rule 231 provides:

   *Presentation of Information Without Preliminary Hearing.*
   (a) When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the statute of limitations will otherwise bar prosecution, an information is necessary in order to extradite the defendant, or a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to file an information with the court without a preliminary hearing.

By the Court

s/ DeFuria

Judge

The record supplied to us does not include a transcript of the testimony adduced at the public hearing before the late Judge DeFuria on February 26, 1981. Therefore, the good cause required in Rule 231 and as may have been expressed to the judge is not memorialized in the record.

It may be that the stamp order contained routine language and that neither a public hearing was held nor a stenographic record made of the presentation of the District Attorney's motion for special leave under Rule 231. Our lower courts should exercise more care in the use of stamps which do not convey a true history of the events.

The discussion by our lower courts of the fugitive status of Appellee being, or not being, good cause for the avoidance of a preliminary hearing is totally irrelevant to the facts of this case. At the time the District Attorney sought special leave under Rule 231, the Appellee was in custody in Delaware County [2] and available for a preliminary hearing. Essential evidence, the identification by, and testimony of, the victim, was not available except at great cost to the Commonwealth and the unwarranted burden to the victim who was then in Florida.

Yet, one need not be omniscient to perceive that the Commonwealth did not wish to be put to the great expense of transporting the victim from Florida for a preliminary hearing when the victim would have to be brought back again for the trial. Under such circumstances, good cause existed for foregoing the preliminary hearing. However, such a holding by us is unnecessary for the disposition of this appeal.

Mr. Holder returned to testify at the trial and Appellee was tried and convicted of robbery, aggravated assault,

---

**2.** Appellee had been apprehended in Georgia on February 6, 1981, and returned to Pennsylvania on February 13, 1981.

possessing an instrument of crime, and theft by unlawful taking.

█ "The principal function of a preliminary hearing is to protect the individual against unlawful detention. The prosecution, therefore, has the burden of establishing at least *prima facie* that a crime has been committed and the accused is the one who committed it." *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978); *Commonwealth v. Mullen,* 460 Pa. 336, 341, 333 A.2d 755, 757 (1975); *Commonwealth ex. rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A.2d 565 (1964).

There is no constitutional right, federal or state, to a preliminary hearing. *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974); *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A.2d 764 (1971); *Cf. Commonwealth ex rel. Fitzpatrick v. Mirarchi,* 481 Pa. 385, 392 A.2d 1346 (1978).

In the instant case, Appellee filed an Omnibus Pre-Trial Motion which included, *inter alia,* a Habeas Corpus Motion to Quash the Informations due to the lack of a preliminary hearing.

█ A hearing was held on the Omnibus Pre-Trial Motion, lasting two days. In its Findings of Fact and Conclusions of Law, the trial court specifically addressed the question of whether, notwithstanding the lack of a preliminary hearing, a *prima facie* case existed against Appellee. The court found that the evidence adduced at the Omnibus Pre-Trial Hearing was more than sufficient to establish a *prima facie* case. Having reviewed the transcript of the hearing, we agree.

The evidence consisted mainly of the testimony of Special Agent Robert C. Leary, Jr. of the Federal Bureau of Investigation, Atlanta, Georgia office, who testified that he and his partner, Special Agent Patrick Barry, were both assigned to the Federal Fugitive Squad in Atlanta. They were notified by the DeKalb County, Georgia, police that

John Ruza had been arrested and they were holding him on a traffic violation. Agents Leary and Barry took custody of Appellee and transported him to the Fulton County, Georgia, Jail, where Federal prisoners are housed. Agent Leary advised Appellee of his *Miranda* rights. The Agents knew only that Appellee was wanted on an Unlawful Flight to Avoid Prosecution warrant for an armed robbery in Pennsylvania.

Appellee stated that he did want to make a statement and proceeded to give a detailed confession of the robbery of Valle's Restaurant, including the fact that he had slashed the manager of the restaurant with a knife, and that he had taken some twenty thousand dollars.

In *Commonwealth v. Hess*, 489 Pa. 580, 589–590, 414 A.2d 1043, 1048 (1980), we stated that:

> In the unlikely event the district justice and the court of common pleas, having the habeas corpus application, were both in error in their assessment of the Commonwealth's evidence against the accused, the trial would not proceed beyond the demurrer stage.... If in fact it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless.

See also, *Commonwealth v. Rashed*, 496 Pa. 26, 436 A.2d 134 (1981).

Here, Appellee received a pre-trial determination that a *prima facie* case existed against him. The case was tried and the evidence was submitted to the jury, which found Appellee guilty beyond a reasonable doubt. Thus, all the safeguards that a preliminary hearing affords were observed.

Reversed and remanded to the Superior Court for disposition of all issues raised in that court, but not yet considered.

HUTCHINSON, J., filed a concurring opinion.

ZAPPALA, J., concurred in the result.

66

HUTCHINSON, Justice, concurring.

I concur in the result. This record shows that the Commonwealth had good cause to proceed without a preliminary hearing. I cannot join the majority opinion, however, because I view it as implying that the lack of a preliminary hearing may be "cured" by later proceedings. Our rules allow the Commonwealth to avoid a preliminary hearing upon a showing of good cause. Without this showing, I do not believe that a hearing on pre-trial motions adequately protects a defendant's right to be free of unlawful detention, unless a judicial officer holds a preliminary hearing and finds probable cause. At that preliminary hearing, the Commonwealth has the burden of establishing a *prima facie* case against the defendant. A hearing, some months later, on pre-trial motions may be a poor cure for its omission.