581 A.2d 172

**COMMONWEALTH of Pennsylvania ex rel. M. Russell BUCHANAN, Appellant,**

v.

**District Justice Edward VERBONITZ and the District Attorney of Luzerne County, Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1990.

Decided Oct. 10, 1990.

---

Frank W. Nocito, Wilkes–Barre, for appellant.

Correale F. Stevens, Dist. Atty., Joseph C. Giebus, Asst. Dist. Atty., for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented in this case is whether hearsay testimony presented at a preliminary hearing regarding a victim's account of an alleged criminal incident, which is the sole evidence presented by the Commonwealth, is sufficient to establish a prima facie case.

On June 24, 1987, Appellant, M. Russell Buchanan, was arrested and charged with statutory rape, corruption of a minor and endangering the welfare of a child. A preliminary hearing was held before District Justice Edward Verbonitz, Luzerne County. At the hearing the Commonwealth, over defense counsel's objection, presented the hearsay testimony of the investigating police officer, who recounted the alleged criminal incident as it was alleged to have been related to him by the victim, a seven year old child. The victim did not testify, nor was any other evidence presented at the preliminary hearing. The district judge ruled that the Commonwealth had established a prima facie case and bound Buchanan over for trial.

Thereafter, Buchanan filed a writ of habeas corpus in the court of common pleas. At Buchanan's habeas corpus hearing the Commonwealth, over defense counsel's objec-

tion, put into evidence the transcript of the preliminary hearing. No additional evidence was presented. The trial court entered an order denying habeas corpus relief and upon the motion of Buchanan, refused to amend its order to include certification language, to provide permission to appeal the interlocutory order (Pa.R.A.P. 1311). Buchanan filed a petition for review in the Supreme Court which was transferred to the Superior Court. The Superior Court denied the petition for review, and Buchanan petitioned the Supreme Court for allowance of appeal. We granted allocatur and now reverse.

In Pennsylvania, a person accused of a crime, with certain exceptions not applicable to this case,[1] has a right to a preliminary hearing. *Commonwealth ex rel. Fitzpatrick v. Mirarchi*, 481 Pa. 385, 392 A.2d 1346 (1978). The principal reason for a preliminary hearing is "to protect an individual's right against unlawful arrest and detention". *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A.2d 565, 567 (1964). The preliminary hearing:

seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed or for a crime with which there is no evidence of his connection.

*Id.* At the preliminary hearing it is incumbent on the Commonwealth to establish *"at least prima facie* that a crime has been committed and that the accused is the one who committed it". *Commonwealth v. Mullen*, 460 Pa. 336, 341, 333 A.2d 755, 757 (1975) (emphasis added), *See also, Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978). In order to satisfy this burden of establishing a prima facie case, the Commonwealth must produce legally competent evidence, *Commonwealth v. Shain*, 493 Pa. 360,

1. The exceptions to the rule that an accused has a right to a preliminary hearing are where: 1) the accused is a fugitive from justice; 2) there is a presentment of an investigating grand jury directly to an indicting grand jury; and 3) an indicting grand jury makes a presentment based on personal knowledge of the jurors. *See, Commonwealth ex rel. Fitzpatrick v. Mirarchi*, 481 Pa. 385, 392 A.2d 1346 fn. 7 (1978).

426 A.2d 589 (1981), which demonstrates the existence of each of the material elements of the crime charged and legally competent evidence to demonstrate the existence of facts which connect the accused to the crime charged. *See, Commonwealth v. Wodjak,* 502 Pa. 359, 466 A.2d 991 (1983).

▮ In this case it is clear that the Commonwealth did not meet its burden. As Justice Flaherty stated in his concurring opinion in *Commonwealth, Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 619, 427 A.2d 631, 647 (1981) "[f]undamental due process requires that no adjudication be based solely on hearsay evidence". If more than "rank hearsay" *id.* is required in an administrative context, the standard must be higher in a criminal proceeding where a person may be deprived of his liberty. The testimony of a witness as to what a third party told him about an alleged criminal act is clearly inadmissible hearsay, *Commonwealth v. Maybee,* 429 Pa. 222, 239 A.2d 332 (1968), *Commonwealth v. Whitner,* 444 Pa. 556, 281 A.2d 870 (1971) and thus, does not constitute legally competent evidence. In this case the Commonwealth has failed to establish prima facie that a crime has been committed and that Buchanan committed that crime.

Additionally, a criminal defendant has a right to confront and cross-examine the witnesses against him: this right being secured by the United States Constitution;[2] the Pennsylvania Constitution;[3] and the Pennsylvania Rules of Criminal Procedure.[4] In *Coleman v. Alabama,* 399 U.S. 1,

2. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. amend. VI.

3. "In all criminal prosecutions the accused hath a right ... to meet the witnesses face to face,...." Pa. Const. Art. 1 § 9.

4. The defendant shall be present at any preliminary hearing except as provided in these rules, and may, if he desires;
   1) be represented by counsel
   2) cross-examine witnesses and inspect physical evidence against him;
     *    *    *    *    *    *

90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) the United States Supreme Court held that a preliminary hearing is a "critical stage" of the prosecution so as to constitutionally require representation by counsel. *See also, Commonwealth v. Carver,* 292 Pa.Super. 177, 436 A.2d 1209 (1981). Justice Brennan in his "Opinion Announcing the Judgment of the Court", in *Coleman,* listed four purposes for requiring the "guiding hand" of counsel at a preliminary hearing:

First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Id.* 399. U.S. at 10, 90 S.Ct. at 2003, 26 L.Ed.2d at 397.

While the United States Supreme Court has not specifically held that the full panoply of constitutional safeguards (ie., confrontation, cross-examination, and compulsory process) must attend a preliminary hearing, it has inferred as much in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Pugh,* the court held that the right to counsel, confrontation, cross-examination and compulsory process are not essential for a pre-trial detention hearing held pursuant to the Fourth Amendment because such a hearing is not adversarial in nature. The court stated, however, that when a pretrial hearing takes the form of a preliminary hearing and thus, adversary procedures are used, "[t]he importance of the issue to both the State and

the accused justifies the presentation of witnesses and full exploration of their testimony on cross-examination". *Id.* at 120, 95 S.Ct. at 866, 43 L.Ed.2d at 69.

The Pennsylvania Constitution provides that *"in all criminal prosecutions"* the accused has a right to meet the witnesses against him—"face to face". Pa. Const. Art. 1 § 9. This right necessarily includes the right to confront witnesses and explore fully their testimony through cross-examination. A preliminary hearing is an adversarial proceeding which is a critical stage in a criminal prosecution. It is not a sidebar conference at which offers of proof are made. Thus, the Pennsylvania Constitution mandates a criminal defendant's right to confrontation and cross-examination at the preliminary hearing. In this case, Buchanan was denied the right to confront and cross-examine the witnesses against him.

Accordingly, the order of the trial court is reversed, the charges are dismissed and the appellant is discharged.

FLAHERTY J., files a concurring opinion which CAPPY, J., joins.

NIX, C.J., files a dissenting opinion which McDERMOTT, J., joins.

McDERMOTT, J., files a dissenting opinion.

FLAHERTY, Justice, concurring.

I concur in the result, but reach the same conclusion through an analysis somewhat different from that employed by the plurality.

There is no federal or state constitutional right to a preliminary hearing. *Commonwealth v. Ruza,* 511 Pa. 59, 511 A.2d 808 (1986). The right is statutory, embodied in Pa.R.Crim.P. 141, 42 Pa.C.S.A., which sets forth the purpose and procedure of the preliminary hearing. The purpose is to determine whether there is a prima facie case of the defendant's guilt. Pa.R.Crim.P. 141(d). To establish a prima facie case, the Commonwealth must produce evidence

which presents "sufficient probable cause to believe that the person charged has committed the offense stated." *United States v. Johns,* 4 U.S. (4 Dall.) 412, 413, 1 L.Ed. 888 (1806). The evidence must be such that "if presented at the trial in court, *and accepted as true,* the judge would be warranted in allowing the case to go the jury." *Commonwealth v. Wojdak,* 502 Pa. 359, 368, 466 A.2d 991, 996 (1983) (emphasis in original).

Though there is no constitutional right to a preliminary hearing, inasmuch as state law provides the hearing, assigns to it the functions it serves, and attaches to it the consequences which presently exist, there is a constitutional right to be represented by an attorney at the hearing. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The United States Supreme Court has implied in dictum, but has not held, that other rights, such as the right to confrontation and the right to cross-examination, are constitutionally protected at the preliminary hearing. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

These principles provide a framework for our decision, but do not answer the question presented to us: whether hearsay testimony, *standing alone,* may constitute sufficient evidence to establish a prima facie case at a preliminary hearing. I conclude that it cannot.

I deem this to be a requirement of due process. In *Commonwealth, Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 616, 427 A.2d 631, 645 (1981), a plurality of this Court referred to "this Commonwealth's long-standing requirement that administrative findings must be supported by some evidence that would be admissible over objection in a court of law." This author expressed the view that "[f]undamental due process requires that no adjudication be based solely on hearsay evidence." *Id.,* 493 Pa. at 619, 427 A.2d at 647. The reference in *Ceja* was to a final adjudication of property rights, but the principle *a fortiori* applies with equal force in a preliminary hearing—a

critical stage of a criminal proceeding in which life, death, liberty, and property are all at issue.

Applying this principle to this case requires the conclusion that the hearsay statement of the police officer was insufficient, *vel non*, to establish a prima facie case against appellant. It was a hearsay statement which could not be admitted over objection in a criminal trial and thus, standing alone, it was insufficient to establish a prima facie case, which, according to *Wojdak, supra*, must be based on evidence which could be presented at the trial in court. I therefore concur in the judgment that the Commonwealth's evidence at appellant's preliminary hearing failed to establish a prima facie case, and that appellant is entitled to discharge.

This analysis does not require us to address issues not squarely presented by the facts of this case, viz., the applicability and implementation of the constitutional rights of confrontation and cross-examination of witnesses who testify at the preliminary hearing in a criminal prosecution. In this case the declarant did not testify, and we need not offer an opinion as to what would have happened had she done so. It is sufficient to hold that a prima facie case cannot be established at a preliminary hearing *solely* on the basis of hearsay testimony.

Accordingly, I concur in the result.

CAPPY, J., joins this opinion.

NIX, Chief Justice, dissenting.

I am constrained to disagree with the holding that the Sixth Amendment of the Federal Constitution which provides the accused with the right of confrontation in criminal prosecutions was offended by the procedures followed in the instant matter. I also must take issue with the conclusion that Article I, section 9 of our state constitution required the appearance of this seven-year-old child who was allegedly the victim of sexual assault and abuse by the

instant petitioner for cross-examination during this preliminary stage of the proceedings.

Under our long-standing law, the test of sufficiency of the evidence to hold a defendant for trial upon charges has been the showing of *prima facie* evidence that a crime has been committed and that the defendant was the perpetrator of that offense. *Commonwealth v. Ruza,* 511 Pa. 59, 511 A.2d 808 (1986); *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983); *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978); *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A.2d 565 (1964). To satisfy this requirement the evidence presented by the Commonwealth must show that the existence of each of the material elements of the charge is present. The evidence should be such that, if presented at the trial in court and accepted as true, the judge would be warranted in allowing the case to go to the jury. *Commonwealth v. Wojdak, supra; Commonwealth v. Prado, supra.* However, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Commonwealth v. Wojdak, supra* 502 Pa. at 369, 466 A.2d 1000. As the Superior Court has noted in several opinions in which they sustained a trial court's preliminary finding of *prima facie* evidence based on hearsay evidence:

> The question at a preliminary hearing is not whether there is sufficient evidence to prove the defendant guilty beyond a reasonable doubt; rather, the question is whether the prosecution must be dismissed because there is nothing to indicate that the defendant is connected with the crime.

*See Commonwealth v. Rick,* 244 Pa.Super. 33, 36, 366 A.2d 302; *see also, Commonwealth v. Davis,* 308 Pa.Super. 204, 454 A.2d 92 (1982); *Commonwealth v. Branch,* 292 Pa.Super. 425, 437 A.2d 748 (1981).

The fact that this child of tender years was abused was established at the preliminary hearing, and that issue is not being challenged. The present carp of petitioner is that he

was denied the opportunity to confront the victim and cross-examine her as to petitioner's involvement in the molestation. That the victim identified her abuser was established by the testimony of the police officer involved. The question is whether the defendant's right to confrontation required that the identification be made by the victim at the time of the preliminary hearing. The instant constitutional issue being raised is whether petitioner was entitled to a face-to-face confrontation at the preliminary stage of the "criminal prosecution." The protection afforded defendant at this preliminary stage does not encompass the right to confront and cross-examine potential Commonwealth witnesses. *See, e.g., Commonwealth v. Prado, supra; Commonwealth ex rel. Maisenhelder v. Rundle, supra.*

The majority's application of the stringent evidentiary standards guaranteed by the defendant's right to confront the witnesses against him is unwarranted in the setting of a preliminary hearing and here conflicts with the overriding interest this Commonwealth has shown in protecting child-witnesses in abuse cases. Therefore, I must vigorously disagree with the majority's conclusion that either the Sixth Amendment of the Federal Constitution or Article I, section 9 of the constitution of this Commonwealth dictates such a result.

McDERMOTT, J., joins this dissenting opinion.

McDERMOTT, Justice, dissenting.

I join with the Chief Justice in dissent and write only to emphasize that credibility is not in issue at a preliminary hearing. A preliminary hearing does not determine guilt or innocence, its function is only to determine whether, if believed, the facts offered would support the elements of a legally identifiable offense. The Commonwealth is not required to present all the proofs at their disposal, only those sufficient to establish a *prima facie* case. To surrender, as the majority appears willing, credibility determinations to a preliminary hearing, is to make the first level of judicial process the final one.

The court has defined the purpose of a preliminary hearing as follows:

It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection. It is not a trial in any sense of the word. It does not purport or attempt to determine the guilt or innocence of the accused, nor is he required to speak, plead or offer testimony in defense.

*Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15, 198 A.2d 565, 567 (1964); *Commonwealth v. Rashed,* 496 Pa. 26, 32, 436 A.2d 134, 137 (1981).

It is not a place for cracker barrel justice, unless we wish to return to those thrilling days of yesteryear when local magistrates did what they pleased.