J-A01033-17

2017 PA Super 163

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DONALD J. MCCLELLAND :
:
Appellant : No. 633 WDA 2016

Appeal from the Order April 4, 2016,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0003575-2015

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

DISSENTING OPINION BY STRASSBURGER, J.: FILED May 26, 2017

Because procedural due process requires the Commonwealth to produce something more than just hearsay at a preliminary hearing, I respectfully dissent and offer the following analysis.

> In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Thus, courts examine procedural due process questions in two steps: the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient.

**Commonwealth v. Turner**, 80 A.3d 754, 764 (Pa. 2013) (internal citations omitted).

*Retired Senior Judge assigned to the Superior Court.

Here, the Majority concludes that the only right with respect to a preliminary hearing that is implicated is a "liberty restraint[ that] may result from requiring an individual to stand trial." Majority Opinion, at 23. I agree with that position in this case; however, I point out that in situations where a defendant is being held without bail or cannot afford bail, the liberty interest is quite different.

Turning to the second inquiry regarding the sufficiency of the procedure, I agree with the concurring opinion authored by Justice Flaherty in **Commonwealth ex rel. Buchanan v. Verbonitz**, 581 A.2d 172, 175 (Pa. 1990) (Flaherty, J. concurring, joined by Justice Cappy). In that case, Justice Flaherty reiterated his position that a "*prima facie* case cannot be established at a preliminary hearing solely on the basis of hearsay testimony." **Id**. at 176. See also **Com., Unemployment Comp. Bd. of Review v. Ceja**, 427 A.2d 631, 647 (Pa. 1981) (Flaherty, J. concurring) ("Fundamental due process requires that no adjudication be based solely upon hearsay evidence.").

Permitting the Commonwealth to present testimony only from the trooper investigating the case[1] is the beginning of a path down a slippery slope. Certainly there are sensitivities involved in prosecuting claims of

---

[1] In this case, the Trooper Wingard was not even testifying to his own interview with the victim; rather, he was testifying about what he heard the victim tell the interviewer from the Child Advocacy Center.

sexual assault on children, but the accused has rights as well. Accordingly, I respectfully dissent.