DISSENTING OPINION BY
STRASSBURGER, J.:
Because procedural due process requires the Commonwealth to produce something more than just hearsay at a preliminary hearing, I respectfully dissent and offer the following analysis.
In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Thus, courts examine procedural due process questions in two steps: the first asks whether there is a *34 life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient.
Commonwealth v. Turner, 622 Pa. 318, 80 A.3d 754, 764 (2013) (internal citations omitted).
Here, the Majority concludes that the only right with respect to a preliminary hearing that is implicated is a “liberty restraint[ that] may result from requiring an individual to stand trial.” Majority Opinion, at 32.1 agree with that position in this case; however, I point out that in situations where a defendant is being held without bail or cannot afford bail, the liberty interest is quite different.
Turning to the second inquiry regarding the sufficiency of the procedure, I agree with the concurring opinion authored by Justice Flaherty in Commonwealth ex rel. Buchanan v. Verbonitz, 525 Pa. 413, 581 A.2d 172, 175 (1990) (Flaherty, J., concurring, joined by Justice Cappy). In that case, Justice Flaherty reiterated his position that a “prima facie case cannot be established at a preliminary hearing solely on the basis of hearsay testimony.” Id. at 176. See also Com., Unemployment Comp. Bd. of Review v. Ceja, 493 Pa. 588, 427 A,2d 631, 647 (1981) (Flaherty, J., concurring) (“Fundamental due process requires that no adjudication be based solely upon hearsay evidence.”).
Permitting the Commonwealth to present testimony only from the trooper investigating the case[1] is the beginning of a path down a slippeiy slope. Certainly there are sensitivities involved in prosecuting claims of sexual assault on children, but the accused has rights as well. Accordingly, I respectfully dissent.

, In this case, the Trooper Wingard was not even testifying to his own interview with the victim; rather, he was testifying about what he heard the victim tell the interviewer from the Child Advocacy Center.