J-A12004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANA HENNINGER | |
| Appellant | No. 466 MDA 2019 |

Appeal from the Order Entered February 25, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0000927-2018,
CP-40-CR-0000928-2018

BEFORE:  LAZARUS, J., STABILE, J. and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:               **FILED: JULY 8, 2021**

This appeal is on remand from our Supreme Court for consideration in light of ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020) (***"McClelland II"***), which held that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing.  Pursuant to ***McClelland II***, we hold that the Commonwealth failed to establish a *prima facie* case against Appellant, Dana Henninger, due to its exclusive reliance on hearsay evidence at his preliminary hearing.  Accordingly, we reverse the trial court's order to the extent it denied Appellant's petition for writ of habeas corpus and dismiss the charges remaining against him.

Appellant was charged in two criminal complaints with sexual offenses against two minor children.  During the preliminary hearing on March 9, 2018, the Commonwealth called only one witness, the affiant police officer, to testify

about what the victims told her. Defense counsel objected to this testimony as hearsay, but the magisterial district justice overruled the objection. At the conclusion of the hearing, the magisterial district justice dismissed one count relating to statutory sexual assault but held Appellant for court on all other charges.

The Commonwealth filed criminal informations against Appellant at CP-40-CR-0000927-2018 and CP-40-CR-0000928-2018. Appellant filed a motion for writ of habeas corpus challenging the finding of *prima facie* evidence in both cases. On February 25, 2018, the trial court granted Appellant's habeas petition on two counts at CP-40-CR-0000927-2018 but otherwise denied the motion.

On March 22, 2019, Appellant filed a single notice of appeal that contained both docket numbers. This Court directed Appellant to show cause as to why the appeal should not be quashed because (1) it was interlocutory, and (2) Appellant failed to file separate notices of appeal at each docket number in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). On April 22, 2019, Appellant filed a response asserting that there were exceptional circumstances present that permitted an interlocutory appeal, namely that the issue he appealed was the same as in **McClelland II**. Appellant also filed two amended notices of appeal in response to the **Walker** portion of the show-cause order.

On April 29, 2019, this Court quashed the appeal as taken from an unappealable interlocutory order.

On May 29, 2019, Appellant filed a petition for allowance of appeal with our Supreme Court. On September 9, 2020, our Supreme Court granted Appellant's petition, vacated this Court's quashal order, and remanded the matter to this Court for further consideration under its decision in **McClelland**.

The issue, as framed by Appellant, is as follows:

> Whether the trial court erred in denying portions of a petition for writ of habeas corpus where a *prima facie* case was found at the preliminary hearing based solely on hearsay evidence thus violating appellant's fundamental rights, including the right to due process, in violation of **Commonwealth ex rel. Buchanan v. Verbonitz**, 581 A.2d 172 (Pa. 1990) [(plurality)], as affirmed in [**McClelland II**].

Appellant's Brief at 4.

Preliminarily, we note that while we quashed this appeal in our April 29, 2019 order, our Supreme Court has overruled our decision to quash, both by exercising jurisdiction over Appellant's petition for allowance of appeal and by ordering us to conduct merits review by applying **McClelland II** to this case. In accordance with our Supreme Court's acceptance of jurisdiction, we hold that we have jurisdiction over this appeal, and we now apply **McClelland II** to the record.

Our standard of review of the denial of a petition for writ of habeas corpus that raises a question of law is *de novo*, and our scope of review is plenary. **McClelland II**, 233 A.3d at 732. "A pre-trial habeas corpus motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case." **Commonwealth v. Carper**, 172

A.3d 613, 620 (Pa. Super. 2017).  "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein."  **Id.**

**McClelland II** resolved a hearsay issue that the Supreme Court first addressed in **Verbonitz**: whether hearsay alone is sufficient to establish a *prima facie* case against the defendant at a preliminary hearing.  The defendant in **Verbonitz** was charged with sexual offenses against a minor. During his preliminary hearing, the Commonwealth, over defense counsel's objection, presented the hearsay testimony of the investigating police officer, who recounted the victim's description of the assault.  The victim did not testify; nor was any other evidence presented at the preliminary hearing.  In a plurality decision, the Supreme Court held, 5-2, that hearsay alone concerning the victim's account was insufficient to establish a *prima facie* case against the defendant.  Three justices held that the defendant's right of confrontation under the Pennsylvania Constitution was violated when he was bound over for trial solely on the basis of hearsay testimony.  Two other justices concurred on the ground that hearsay evidence alone was insufficient to establish a *prima facie* case as a matter of due process.

Twenty-seven years after **Verbonitz**, in **Commonwealth v. McClelland**, 165 A.3d 19 (Pa. Super. 2017) (**"McClelland I"**), this Court declined to follow **Verbonitz** and held that hearsay alone can establish a *prima facie* case at a preliminary hearing.  We articulated five reasons for

departing from **Verbonitz**: (1) the **Verbonitz** Court did not agree on a single rationale to support its holding; (2) the Superior Court, in **Commonwealth v. Ricker**, 120 A.3d 349 (Pa. Super. 2015), rejected the position of the three-Justice **Verbonitz** plurality that the presentation of hearsay violates confrontation rights; (3) the two-Justice **Verbonitz** minority relied on a substantive due process analysis contradicted by **Albright v. Oliver**, 510 U.S. 266 (1994) (plurality); (4) **Verbonitz** was decided before the 2013 amendments to Pa.R.Crim.P. 542(E), which **McClellan I** interpreted as permitting hearsay evidence to establish a *prima facie* case by itself; and (5) there was no procedural due process violation. **See McClellan II**, 233 A.3d at 720-21 (summarizing **McClellan I**).

In **McClellan II**, the Supreme Court reversed **McClelland I** and expressly disapproved of our holding in **Ricker**. **McClellan II** held that hearsay evidence alone is insufficient to establish a prima facie case at a preliminary hearing. **Id.** at 721. The Court "discharged the defendant without prejudice to the Commonwealth to refile charges and proceed with a new preliminary hearing." **Id.** at 736 n.11.

We acknowledge that Pa.R.Crim.P. 542(E) permits a trial court to consider hearsay evidence in determining whether the Commonwealth has established a *prima facie* case. **See id.** ("[h]earsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established"). Rule 542(E) does not, however, permit the

Commonwealth to rely exclusively on hearsay evidence to establish all elements of all crimes for purposes of establishing a *prima facie* case at a preliminary hearing. ***McClelland II***, 233 A.3d at 721, 735-36.

In the present case, it is undisputed that that the Commonwealth presented only hearsay evidence at Appellant's preliminary hearing. Thus, pursuant to ***McClelland II***, the Commonwealth failed to sustain its burden during the preliminary hearing to establish all elements of all remaining crimes charged against Appellant for purposes of establishing a *prima facie* case. Accordingly, we reverse the trial court's order to the extent it denied habeas corpus relief and dismiss all remaining charges against Appellant. In accordance with ***McClellan II***, we hold that our order of dismissal, and the prior dismissal orders of lower courts in this case,[1] is without prejudice to the Commonwealth's right to refile charges against Appellant and proceed with a new preliminary hearing. ***Id.*** at 736 n.11.

Order affirmed in part and reversed in part. All remaining charges dismissed without prejudice. Jurisdiction relinquished.

---

[1] This includes the statutory sexual assault charge dismissed at the preliminary hearing and the two counts dismissed by the trial court on habeas review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/08/2021