J-S45038-23

2024 PA Super 50

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT LEE SUTTON | : | |
| | : | |
| Appellant | : | No. 373 MDA 2023 |

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000613-2022

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY LAZARUS, J.:           **FILED: MARCH 19, 2024**

I concur in the result, but write separately because, in my view, we need not address whether **Harris**[1] requires disclosure of a CI under the facts of this case.  I agree with the Majority's recitation of our standard of review and the applicable standards of law and, thus, do not reiterate them here.

Briefly, at the preliminary hearing, Detective Michael Lamana, testified that he spoke with the confidential informant (CI), and learned that Scott Lee Sutton was dealing drugs out of his trailer at 47 Titus Lane.  **See** N.T. Preliminary Hearing, 10/14/22, at 5-8.  Subsequently, Detective Lamana confirmed that Sutton lived at that address because it was Sutton's verified probation address, as well as the registered address on his driver's license.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Harris**, 269 A.3d 534 (Pa. Super. 2022), *reargument denied* (Mar. 14, 2022), **appeal granted**, 285 A.3d 883 (Pa. 2022).

*See id.* at 8-9. Detective Lamana further testified that he conducted two controlled drug buys. *See id.* at 6, 9-10 (Detective Lamana describing procedure used for CI's drug purchases). In each controlled drug buy, Detective Lamana verified that the CI had no drugs or money on their person, supplied the CI with pre-recorded funds to buy methamphetamine, witnessed the CI enter and exit the residence, recovered methamphetamine from the CI. *See id.* Additionally, Detective Lamana searched the CI confirming that the CI had no other contraband or money. *See id.*

While it is true that Detective Lamana did not personally enter the residence and witness the sale of drugs from Sutton to the CI, it is also true that Detective Lamana was able to verify 47 Titus Lane as Sutton's address through independent, non-hearsay evidence. *See id.* at 8-12. Moreover, Detective Lamana was able to testify as to how the drug buys were set up and conducted. *See id.* at 10-12.

In my view, the above testimony qualifies as sufficient verifiable non-hearsay evidence to satisfy the *prima facie* standard for a preliminary hearing set forth in ***McClelland II*** and ***Verbonitz***.[2] *See Harris*, 269 A.3d at 547-48 ("Commonwealth must present evidence that . . . establishes not only that a crime has been committed, but also **that it was the defendant who committed it**. . . . [H]earsay evidence can be introduced to corroborate

---

[2] *See Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020) ("*McClelland II*"); *Commonwealth ex. Rel. Buchanan v. Verbonitz*, 581 A.2d 172 (Pa. 1999).

direct evidence regarding an element of the crime or crimes charged.") (emphasis added); **see also McClelland**, 233 A.3d at 736 ("The preliminary hearing seeks to prevent a person from being imprisoned or required to enter bail for a crime . . . **with which there is no evidence of** [**the defendant's**] **connection**.") (emphasis added). Instantly, the above-testimony describes circumstantial non-hearsay evidence that directly connects Sutton to the sale of methamphetamine. Consequently, the Commonwealth **did** present non-hearsay evidence qualifying as sufficient verifiable non-hearsay evidence in accordance with our case law, and that evidence may be properly buttressed by the hearsay statements of the CI at the preliminary hearing. **See McClelland**, **supra**.

Accordingly, in my view, **Harris** is not implicated herein and we certainly do not need to decide, at this juncture, whether the CI must be disclosed. I do, however, concur in the result.