**[J-40-2023] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 31 EAP 2022 |
| | : | |
| Appellant | : | Appeal from the Judgment of |
| | : | Superior Court entered on January |
| | : | 3, 2022 at No. 1981 EDA 2020, |
| v. | : | affirming the Order entered |
| | : | September 16, 2020 in the Court of |
| | : | Common Pleas, Philadelphia |
| RONALD HARRIS, | : | County, Criminal Division at No. CP- |
| | : | 51-CR-0005166-2019. |
| Appellee | : | |
| | : | ARGUED: September 12, 2023 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                                          **DECIDED: May 13, 2024**

The Majority holds that Pennsylvania Rule of Criminal Procedure 542(E) does not permit the Commonwealth to prove a defendant's identity through hearsay alone at a preliminary hearing. Majority Op. at 1. This interpretation contradicts the plain and unambiguous language of Rule 542(E), which explicitly provides that "[h]earsay evidence shall be sufficient to establish any element of an offense[.]" Pa.R.Crim.P. 542(E). Rather than adhering to this clear directive, the Majority creates an artificial distinction between the elements of the offense and the defendant's identity. Accordingly, I dissent.

In 2011, Rule 542(E) limited the use of hearsay at preliminary hearings to that establishing "any element of an offense requiring proof of the ownership of, non-permitted use of, damage to, or value of property." Pa.R.Crim.P. 542(E) (2011). The Comment further provided in pertinent part:

Paragraph (E) was added to the rule in 2011 to clarify that our courts have not applied the law of evidence in its full rigor in proceedings such as

preliminary hearings, especially with regard to the use of hearsay to establish the elements of a *prima facie* case. *See* the Pennsylvania Rules of Evidence generally, but in particular, Article VIII. **Accordingly, hearsay, whether written or oral, may establish the elements enumerated in paragraph (E). That enumeration is not comprehensive and hearsay is admissible to establish other matters as well. The presence of witnesses to establish these elements is not required at the preliminary hearing**. *See also* Rule 1003 concerning preliminary hearings in Philadelphi Municipal Court.

Pa.R.Crim.P. 542(E), Comment (2011) (emphasis added).

In 2013, Rule 542(E) was amended to its current form:

(D)     At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a prima facie case that (1) an offense has been committed and (2) the defendant has committed it.

(E)     Hearsay as provided by law shall be considered by the issuing authority in determining  whether a prima facie case has been established. **Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of non-permitted use of, damage to, or value of property.**

Pa.R.Crim.P. 542(D)-(E) (emphasis added). The Comment, also amended, now reads:

Paragraph (E) was amended in 2013 to reiterate that traditionally our courts have not applied the law of evidence in its full rigor in proceedings such as preliminary hearings, especially with regard to the use of hearsay to establish the elements of a *prima facie* case. *See* the Pennsylvania Rule of Evidence generally, but in particular, Article VIII. **Accordingly, hearsay, whether written or oral, may establish the elements of any offense. The presence of witnesses to establish these elements is not required at the preliminary hearing.** *But compare Commonwealth ex rel. Buchanan v. Verbonitz*, [ ] 581 A.2d 172 (Pa. 1990) (plurality) (disapproving reliance on hearsay testimony as the sole basis for establishing a *prima facie* case). *See also* Rule 1003 concerning preliminary hearings in Philadelphia Municipal Court.

Pa.R.Crim.P. 542(E), Comment (emphasis added).

As the Majority recognizes, Rule 542(E) has been the subject of various recent appeals before this Court, with each case seeking to clarify the scope of hearsay evidence the Commonwealth may rely on to prove a *prima facie* case at a preliminary hearing. *See*

*Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020); *Commonwealth v. Ricker*, 135 A.3d 175 (Pa. 2016), *appeal dismissed as improvidently granted*, 170 A.3d 494 (Pa. 2017). Our most recent attempt at such clarification was *McClelland*, in which the Court held that Rule 542(E) "does not permit hearsay evidence alone to establish all elements of all crimes for purposes of establishing a *prima facie* case at a defendant's preliminary hearing." *McClelland*, 233 A.3d at 734. In doing so, the Court reaffirmed the validity of *Verbonitz*. *See generally Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172 (1990) (plurality) (holding that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing).[1] Although *McClelland* concluded the Commonwealth may not prove its entire *prima facie* case through hearsay at the preliminary hearing, it left open the precise degree of hearsay permitted and whether hearsay may be used to demonstrate a defendant's identity.

Turning back to the text of Rule 542, the Majority begins by highlighting the "dual burdens" of Rule 542(D). It reasons that a plain reading of this subsection makes clear that "the Commonwealth must prove 'a *prima facie* case' both with respect to the elements of the crimes *and* the defendant's identity" and the failure to satisfy either prong is fatal to the Commonwealth's case. Majority Op. at 12 (emphasis in original). It further finds that Rule 542(D) informs Rule 542(E). The Majority reads the latter subsection to pertain only

---

[1] Although *Verbonitz* was a plurality decision, the *McClelland* Court determined its holding in this regard was binding precedent because "a five-Justice majority of the Court concluded the presentation of hearsay evidence, without more, is insufficient to establish a *prima facie* case at a preliminary hearing. The five-Justice majority also agreed, in determining hearsay alone was insufficient to establish a *prima facie* case, that 'fundamental due process requires that no adjudication be based solely on hearsay evidence.'" *McClelland*, 233 A.3d at 722 (quoting *Verbonitz*, 581 A.2d at 174 (Larsen, J., lead opinion); *id.* at 176 (Flaherty, J., concurring)). I joined Chief Justice Baer's dissenting opinion in *McClelland* in which he opined, *inter alia*, that *Verbonitz* has been widely viewed as a plurality opinion for decades and should not be viewed with such authoritative value. *See McClelland*, 233 A.3d at 744 (C.J. Baer, dissenting). I nonetheless recognize this Court is now bound by our decision in *McClelland*.

to the elements of an offense, which does not include the identity of the perpetrator. In sum, the Majority holds that the Commonwealth must present a *prima facie* case as to the elements of the offense and the identity of the perpetrator, neither of which may be done through hearsay alone pursuant to *McClelland*. Majority Op. at 13-14. In reaching this conclusion, the Majority recognizes that "our caselaw has created some uncertainty" concerning whether such a distinction between the elements of the offense and the identity of the perpetrator exists. *See Ricker*, 170 A.3d at 503 (Saylor, C.J., concurring) ("Nevertheless, we cannot ignore that the 'Rules of Criminal Procedure do not distinguish between abstract crime commission and identity in terms of the applicable standard at preliminary hearings.").

In my view, Rule 542(D) simply indicates that the Commonwealth must establish by a preponderance of the evidence that a crime was committed and the defendant committed it. It says nothing about whether the defendant's identity is an element of an offense, which is understandable because offenses have widely-varying definitions. Further, to the extent the Majority's assessment may be construed to indicate a perpetrator's identity is a standalone offense element, such a predicate is questionable – as even the majority appears to recognize. *Cf.* Majority Op. at 12 n.7 (suggesting that preliminary hearing standards do not recognize a distinction between abstract crime commission and the perpetrator's identity). In fact, any element of an offense that involves an *actus reus* or *mens rea* inherently involves identity: it is impossible for the Commonwealth to prove such an element at trial without establishing the identity of the person who committed the act or had the requisite scienter.

To illustrate, consider the offense of witness intimidation, one variety of which is defined as follows:

> **(a) Offense defined.** – A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent

or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to: . . . (6) Absent himself from any proceeding or investigation to which he has been legally summoned.

**(b) Grading.** – (1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if: (i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person. . . . (2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

18 Pa.C.S. § 4952(a). *See generally Commonwealth v. Dixon*, 255 A.3d 1258 (Pa. 2021) (involving this crime). The above involves multiple elements with an identity component: (i) intimidating or attempting to intimidate by threat or violence a witness or victim into absenting himself from a proceeding or investigation to which he has been legally summoned; (ii) doing so with the intent or knowledge that the conduct would obstruct, impede, impair, prevent, or interfere with the administration of criminal justice; and (iii) using force, violence, or deception, or threats to employ force or violence upon the witness or victim or another person. Each such element only makes any sense if the identity of the alleged perpetrator is known and proved. Without proving identity, the Commonwealth cannot prove the element at trial. By contrast, there are some elements that do not involve identity. In the above example, it is an element of the first-degree-felony version of the crime that the underlying case – as to which the witness was intimidated into absenting himself – involved a charge of a first-degree felony or first- or second-degree murder. Non-identity elements are ordinarily attendant circumstances or the results of the conduct. *See generally State v. Mekoshvili*, 280 A.3d 388, 397 (Conn. 2022) (reciting that offense elements consist of "the requisite *mens rea*, *actus reus*, and any required results or attendant circumstances"). In brief, the Majority, in my view,

makes a false distinction between a crime with its elements in the abstract, and the identity of the perpetrator as a distinct, additional element.

Under Rule 542, the Commonwealth may prove any of these elements through hearsay alone, with the judicially-imposed caveat that its whole case may not rest solely on hearsay. *See* Pa.R.Crim.P. 542(D), (E) ("Hearsay evidence shall be sufficient to establish **any element of an offense**, including, but not limited to, those requiring proof of non-permitted use of, damage to, or value of property.") (emphasis added). It is also apparent from a review of the former and current versions of Rule 542, as well as the corresponding Comments, that the instant version of Rule 542 is more expansive than the former and does not appear to limit the use of hearsay to those elements regarding proof of value, ownership, or non-permission of use frequently relating to property crimes. In sum, then, I would find that the Commonwealth is indeed permitted to prove a defendant's identity at the preliminary hearing through hearsay alone, so long as it demonstrates at least one element of the offense in question through other reliable means. Applying this interpretation to the case at hand, I believe the Commonwealth presented sufficient evidence to establish a *prima facie* case to hold Harris for trial. While its evidence concerning Harris' identity constituted hearsay, its whole case was not based on hearsay alone in accordance with *McClelland*.[2] I therefore disagree with the Majority's decision to affirm the Superior Court's decision granting the motion to quash all charges. As in *McClelland*, I continue to believe that referral to the Criminal Procedure Rules Committee is the best course of action to remedy the shortcomings of Rule 542 that will

---

[2] Again, the degree of hearsay versus non-hearsay evidence that must be presented remains to be decided.

surely continue to plague this Court.  *See McClelland*, 233 A.3d at 749-50 (Baer, C.J., dissenting).  In light of the foregoing, I respectfully dissent.[3]

Chief Justice Todd joins this dissenting opinion.

---

[3] In its response, the Majority insists that its distinction between the elements of the offense and the defendant's identity is supported by the plain text of Rule 542.  Majority Op. at 17 n.9.  Respectfully, Rule 542 contains no such distinction.  Again, Rule 542 clearly states that "any element" of an offense may be proven through hearsay.  If the intent of the rule was to treat identity differently, the rule would have been drafted as such.  The Majority cites no binding authority to support its reading and instead reinforces its position by citing Justice Wecht's concurring opinion reaching the same conclusion.  *Id.*