J-S03012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DIMAS COLON-CRUZ | |
| Appellant | No. 439 WDA 2016 |

Appeal from the Order March 1, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002778-2015

BEFORE: OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 28, 2017**

Appellant, Dimas Colon-Cruz, appeals from the order entered on March 1, 2016, dismissing his petition for writ of *habeas corpus*, which challenged the Commonwealth's ability to establish a *prima facie* case of witness intimidation,[1] based solely on hearsay evidence, at Appellant's preliminary hearing. We quash the appeal as interlocutory.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant] was charged by Officer Cheryl Frey of the Erie Police Department with one count of [i]ntimidation of a [v]ictim/[w]itness, a third degree felony. In the [c]riminal [c]omplaint, Officer Frey informed [Appellant] the charge was based on alleged statements and/or threats to his neighbor, Jennifer Keller, to not testify in a case involving

---

[1]  18 Pa.C.S.A. § 4952(a)(1).

* Retired Senior Judge assigned to the Superior Court.

Dawaun Carson. In fact, Jennifer Keller did testify at a preliminary hearing involving Dawaun Carson during which [Appellant] allegedly made additional verbal and/or non-verbal threats to Keller. Following the preliminary hearing for Carson, Officer Frey filed the within charge.

At a preliminary hearing held in this case on October 1, 2015, Jennifer Keller did not appear to testify. As a result, the Commonwealth adduced the testimony of Officer Frey who outlined the statement given to her by Jennifer Keller as set forth in the [c]riminal [c]omplaint. Over [Appellant's] objections, the charge was bound over to court.

Trial Court Opinion, 3/1/2016, at 1. On February 9, 2016, Appellant filed an omnibus pre-trial motion and accompanying memorandum of law in support. At issue herein, Appellant sought *habeas corpus* relief arguing the Commonwealth violated his constitutional rights to confront adverse witnesses and due process because the Commonwealth relied solely on hearsay testimony at the preliminary hearing. By order entered on March 1, 2016, the trial court denied relief. This appeal resulted.[2]

On appeal, Appellant raises the following issues for our review:

A. Whether exceptional circumstances exist to warrant appellate review of the denial of [Appellant's] [w]rit of [*h*]abeas [*c*]orpus which contested the Commonwealth's use of only hearsay testimony as the sole basis to support its *prima facie* case at the preliminary hearing.

---

[2] Appellant filed a timely notice of appeal on March 28, 2016. On March 28, 2016, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on April 11, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 20, 2016.

>    B. Whether hearsay testimony by the affiant is legally
>       sufficient to establish a *prima facie* case at the
>       preliminary hearing when it is the only evidence
>       presented.

Appellant's Brief at 3-4.

Appellant argues that the hearsay testimony of the investigating police officer, standing alone, is insufficient to establish a *prima facie* case against him since such a procedure violates his constitutional rights to due process and to confront adverse witnesses. Initially, we must determine whether we have jurisdiction over this appeal. "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." ***Commonwealth v. Ivy***, 146 A.3d 241, 255 (Pa. Super. 2016) (internal citation omitted). "Generally, the denial of a pre-trial writ of *habeas corpus* based on a lack of sufficient *prima facie* evidence does not constitute an appealable order."[3] ***Commonwealth v. Ricker***, 120 A.3d 349, 353 (Pa. Super. 2015). In ***Ricker***, the defendant raised a claim similar to the one presented herein, arguing exclusive reliance upon hearsay evidence at a preliminary hearing violated a defendant's right

---

[3] Here, Appellant concedes that the order he appeals from is interlocutory. Appellant's Brief at 1. Upon review of the record, Appellant did not seek permission from the trial court to appeal nor does Appellant contend that his interlocutory order is permitted statutorily as of right. Instead, he argues that exceptional circumstances warrant our review. ***Id.*** For the reasons that follow, we disagree.

to confront witnesses. We accepted the interlocutory order, because the issue was one of first impression in the Commonwealth and exceptional circumstances warranted it. We determined the issue was capable of evading review and presented "an important constitutional question regarding whether a powerful state governmental entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence." *Id.* at 354. After examining Pa.R.Crim.P. 542(E),[4] the historical underpinnings of the preliminary hearing, the Pennsylvania and federal confrontation clauses, and applicable case law, "we [found] that an accused does not have the right to confront the witnesses against him at his preliminary hearing[.]" *Id.* at 362.

On April 18, 2016, the Pennsylvania Supreme Court granted a petition for allowance of appeal in *Ricker*. *See Commonwealth v. Ricker*, 135 A.3d 175 (Pa. 2016). To date, however, no decision has been forthcoming. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court."

---

[4] "Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property." Pa.R.Crim.P. 542(E).

*Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006) (internal citations omitted).  At this point in time, our Supreme Court has only granted an appeal for the purpose of determining whether a defendant has a right to confront witnesses at his preliminary hearing or if a *prima facie* case may be proven by the Commonwealth through hearsay evidence alone. Because our Supreme Court has not yet ruled upon **Ricker**'s declaration that challenges such as the present one involve appealable matters or the issue of whether the Commonwealth may rely solely on hearsay evidence to establish its *prima facie* case at a preliminary hearing, our Court's prior decision in **Ricker** is binding and Appellant is not entitled to appellate review.  As such, Appellant has not shown exceptional circumstances to accept his otherwise interlocutory appeal.

As noted above, Appellant also argues, in the alternative, that the use of hearsay alone at his preliminary hearing violates his fundamental right to due process.  Appellant's Brief at 13-20.  For this proposition, Appellant relies primarily on our Supreme Court's plurality decision in **Commonwealth ex. rel. Buchanon v. Verbonitz**, 581 A.2d 172 (Pa. 1990).  We have recently addressed this identical due process claim, specifically examining **Verbonitz**, in our published decision in **Commonwealth v. McClelland**, -- A.3d --, 2017 WL 2312083 (Pa. Super. 2017).  In **McClelland**, similar to **Ricker**, we first addressed whether we had jurisdiction, recognizing that generally "the denial of a pretrial writ of *habeas corpus* claiming a lack of sufficient evidence is not an appealable

order." **McClelland** at *1. We then determined that **Ricker** left unresolved whether it was a violation of fundamental due process rights when the Commonwealth relies solely upon hearsay evidence at a preliminary hearing. Because we had yet to address this important constitutional question, we found that exceptional circumstances warranted review of an otherwise interlocutory order. **Id.** Ultimately, in **McClelland**, we determined there was no violation of due process where, at his preliminary hearing, McClelland had the ability to cross-examine the primary investigator about statements made to him by the victim. In this case, at Appellant's preliminary hearing, the Commonwealth presented the testimony of the police officer who took the alleged victim's purported statement, which then formed the basis for the criminal charges against Appellant. Thus, **McClelland** previously addressed (and rejected) the identical due process argument Appellant advances *sub judice*. Accordingly, Appellant has not presented exceptional circumstances warranting our review of his separate due process challenge. For all the foregoing reasons, we lack jurisdiction to entertain the appeal of this interlocutory order.

Appeal quashed.

Strassburger, J. joins this memorandum.

Solano, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2017