OPINION BY
STEVENS, P.J.E.:
The Commonwealth files this interlocutory appeal from the order entered in the Court of Common, Pleas of Bucks County granting Defendant/Appellee’s pretrial writ of habeas corpus and remanding this matter for a new preliminary hearing. At issue is the order’s directive that the Commonwealth may not rely exclusively on. hearsay to establish a prima facie case at the new hearing but must, instead, proffer Appellee’s alleged rape victim as a witness.
The present appeal thus implicates whether Pa.R.Crim.P. 542(E),[1] which permits the Commonwealth to rely on hearsay to establish any or all elements of an offense for purposes of making a prima facie case at a preliminary .hearing, violates a defendant’s due process rights where the hearsay in question was offered by an investigating officer who interviewed the alleged victim personally and was available *48 for cross-examination. Consonant with recent jurisprudence of this Court discerning no due process violation from facts virtually identical to those in the present case, we reverse the order below and remand.
On July 5, 2015, Appellee was arrested and charged with Rape-Forcible Compulsion, Sexual Assault, Aggravated Indecent Assault-Forcible Compulsion, Indecent Assault-Forcible Compulsion, Indecent Assault Without Consent of Other, and Harassment[2] for his alleged sexual assault of a female during a party on July 4, 2015. At Appellee’s preliminary hearing, the magisterial district judge held the present charges for trial solely on the basis of hearsay testimony offered by the lead investigator who personally interviewed Ap-pellee’s alleged rape victim. Appellee conducted thorough cross-examination of the investigator.
Appellee subsequently filed a pre-trial writ of habeas corpus with the Court of Common Pleas of Bucks County asserting that his due process rights were violated when the district judge found a prima facie case solely from hearsay evidence. After entertaining argument by respective counsel, the common pleas court granted Appellee’s writ and remanded the matter to the district judge for a second preliminary hearing, where, the court additionally directed, the alleged victim must testify and be subject to cross-examination.
The Commonwealth filed an interlocutory appeal to the Pennsylvania Supreme Court and asked it to exercise its exclusive appellate jurisdiction over any final order deeming a statute unconstitutional. According to the Commonwealth, the court of common pleas necessarily declared Pa. R.Crim.P. 542(E) unconstitutional when it rejected the exclusive use of hearsay testimony at the first preliminary hearing and required the alleged victim to testify at a new preliminary hearing. The Supreme Court declined to take up the matter, however, and transferred the appeal to this Court, instead.
The Commonwealth presents the following questions for our review:
I. DOES THIS HONORABLE COURT HAVE JURISDICTION OYER THIS APPEAL PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 313?
II. DID THE LOWER COURT ERR IN HOLDING THAT THE COMMONWEALTH VIOLATED AP-PELLEE’S DUE PROCESS RIGHTS WHEN IT RELIED ON HEARSAY TESTIMONY AT THE PRELIMINARY HEARING TO ESTABLISH A PRIMA FA-CIE CASE PURSUANT TO PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 542(E) AND COMMONWEALTH V. RICKER, 120 A.3d 349 (Pa.Super. 2015)n..
Appellant’s brief at 4.[3]
After a thorough review of the certified record, party briefs, the lower court’s opinion, and governing authority, we reverse the order below and remand this matter to the Court of Common Pleas of Bucks County for proceedings consistent with this decision. In so doing, we rely on this Court’s recent decision in Commonwealth *49 v. McClelland, 165 A.3d 19, 2017 WL 2312083 (2017), a case squarely on point ■with, and thereby controlling of, the instant appeal.
Specifically, McClelland took up the very issues presently before us. First, it granted an interlocutory appeal from an ordinarily unappealable disposition of a pretrial writ of habeas corpus in order to address an important constitutional question unresolved by Ricker:[4]
Turning to the substantive issue before it, the McClelland Court engaged in a cogent and comprehensive inquiry into the intersection of a defendant’s due process rights — whether rule-based or free-standing — and our rules governing the admission of hearsay evidence at preliminary hearings, and it perceived no due process violation in a prima facie case based exclusively on a lead investigator’s hearsay testimony derived from his interview of the alleged victim. Significant, in this regard, was the fact that the hearsay was not in the attenuated form of “a mouthpiece parroting multiple levels of rank hearsay.” McClelland, 165 A.3d at 32, 2017 WL 2312083, at *10.
The facts of the present matter align in all respects with those deemed dispositive in McClelland, as the investigating officer who interviewed Appellee’s alleged victim delivered the hearsay testimony, and the magisterial district judge permitted Appel-lee to conduct full cross-examination of this witness. Accordingly, for the reasons expressed in McClelland, we reverse the order entered below and remand to the Court of Common Pleas of Bucks County for further proceedings consistent with this decision.
Order is Affirmed. Case remanded. Jurisdiction is relinquished.

. Rule 542 provides, in pertinent part:
Rule 542, Preliminary Hearing; Continuances
(C) The defendant shall be present at any preliminary hearing except as provided in these rules, and may: -
[[Image here]]
(2) Cross-examine witnesses and inspect physical evidence offered against the defendant;
[[Image here]]
(D) At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a prima facie case that (1) an offense has been committed and (2) the defendant has committed it.
(-E) Hearsay as provided by law shall be considered by. the issuing authority in determining whether a prima facie case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.
[[Image here]]
Pa.R.Crim.P. 542 (selected provisions).

. 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 3125(a)(1), 3125(a)(2), 3126(a)(2), 3126(a)(1), 2709(a)(1), respectively.

. In Commonwealth v. Richer, 120 A.3d 349 (Pa.Super. 2015), this Court held that Pa. R.Crim.P. 542(E) did not run afoul of the constitutional right to confront witnesses under either the Pennsylvania or United States constitutions.

. We, likewise, grant review of the Commonwealth’s appeal, which also raises issues of constitutional import unresolved by Ricker at the time of the appeal’s filing. The Commonwealth also persuasively submits that exceptional circumstances warranting interlocutory review of the appeal arise from a pretrial ruling that would otherwise evade review and, as a result, could serve as precedent to systematically divest the prosecution of its rule-based ability to rely on hearsay to make a prima facie case in future cases.