J-A08034-17

2020 PA Super 257

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2509 EDA 2016 |
| MAXWELL LIAM DOLAN | | |

Appeal from the Order Entered March 4, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000742-2016

BEFORE:   PANELLA, LAZARUS, JJ., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                        **FILED OCTOBER 23, 2020**

On April 1, 2016, the Commonwealth filed an interlocutory appeal to the Pennsylvania Supreme Court and asked it to exercise its exclusive appellate jurisdiction over any final order deeming a statute unconstitutional.  According to the Commonwealth, the common pleas court necessarily declared Pa.R.Crim.P. 542(E)[1] unconstitutional when it rejected the magisterial district

_____

* Former Justice specially assigned to the Superior Court.

[1] Rule 542 provides, in pertinent part:

**Rule 542.  Preliminary Hearing; Continuances**

\*\*\*

   (C)   The defendant shall be present at any preliminary hearing except as provided in these rules, and may:

…

judge's ruling allowing the Commonwealth to rely exclusively on hearsay testimony to make a *prima facie* case at the first preliminary hearing and remanded for a new preliminary hearing, at which testimony from the alleged rape victim would be required. The Supreme Court, however, declined to take up the matter directly and, instead, transferred the appeal to this Court.

On July 22, 2017, this panel filed an order and opinion reversing the trial court's order and remanding the matter for further proceedings consistent with our decision. **See Commonwealth v. Dolan**, 167 A.3d 46 (Pa.Super. 2017). In so doing, we followed binding precedent set forth in **Commonwealth v. McClelland**, 165 A.3d 19 (Pa.Super. 2017), which held

_____

    (2)    Cross-examine witnesses and inspect physical evidence offered against the defendant;

…

  (D)    At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it.

  (E)    Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

….

Pa.R.Crim.P. 542 (selected provisions).

that both decisional law regarding a defendant's due process rights at a preliminary hearing and Pennsylvania Rule of Criminal Procedure 542(E) permit the Commonwealth to rely exclusively on hearsay evidence to establish a *prima facie* case at a preliminary hearing.

Appellee Dolan filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court, which eventually granted his petition on August 20, 2020, in light of its treatment of the identical issue in **Commonwealth v. McClelland**, --- A.3d ----, 2020 WL 4092109 (Pa. July 21, 2020). Specifically, the Supreme Court in **McClelland** addressed:

> whether the Superior Court panel failed to properly apply and follow the legal precedent set forth in **Commonwealth ex rel. Buchanan v. Verbonitz**, [525 Pa. 413] 581 A.[2d]3d 172, 174–76 (Pa. 1990) in which five (5) Justices held that "fundamental due process requires that no adjudication be based solely on hearsay evidence."

**Commonwealth v. McClelland**, 179 A.3d 2, 3 (Pa. 2018). In reversing this Court, the Supreme Court held Rule 542(E)'s clause providing that "hearsay may establish the elements of any offense" at a preliminary hearing, could not be construed to mean that hearsay alone suffices to establish a *prima facie* case at a preliminary hearing, contrary to **Verbonitz**. The Court further clarified that the Commonwealth's use of hearsay evidence alone to establish *prima facie* case at preliminary violated fundamental due process.

Consistent with its decision in **McClelland**, the Supreme Court issued the following *per curiam* order in the case *sub judice*:

- 3 -

AND NOW, this 20th day of August, 2020, the Petition for Allowance of Appeal is GRANTED, and the order of the Superior Court is REVERSED. **See Commonwealth v. McClelland**, 2020 WL 4092109 (Pa. July 21, 2020).

Pennsylvania Supreme Court Order, 8/20/2020.

In conformity with both our Supreme Court's decision in **McClelland** and its subsequent order reversing our prior order in the case *sub judice*, we have no choice but to affirm the trial court's interlocutory order entered below.[2]

Order affirmed.

_____

[2] Our order affirming the trial court's interlocutory order does not preclude the Commonwealth from refiling charges against Appellee Dolan and proceeding with a new preliminary hearing. As the Supreme Court majority in **McClelland** observed under circumstances virtually identical to those in the instant case:

> Dismissal of charges and discharge of the accused for failure to establish a *prima facie* case at the preliminary hearing is an interlocutory order, **see** [**Commonwealth v.**]**La Belle**, 612 A.2d [418, 420 (Pa. 1992),] which does not implicate double jeopardy concerns. **See Liciaga v. Court of Common Pleas of Lehigh Co.**, 523 Pa. 258, 566 A.2d 246, 267 (1989). Because the Commonwealth relied on a reasonable yet imprecise reading of Rule 542, we discharge [McClelland] without prejudice to the Commonwealth to refile charges and proceed with a new preliminary hearing.

**McClelland**, 233 A.3d at 736.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/20