J-S11045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYWAN ADAMS | : | |
| | : | |
| Appellant | : | No. 1270 WDA 2021 |

Appeal from the PCRA Order Entered October 12, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000350-2014

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JUNE 28, 2022**

Tywan Adams ("Adams") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The factual and procedural history of this case is as follows.  In October 2013, Erie City Patrol Officer Ira Bush was responding to the site of a reported domestic disturbance involving a man with a gun, when he received instructions from other officers to stop a sports utility vehicle ("SUV") departing from the scene.  Officer Bush stopped the SUV, which had three occupants, including Adams, who was seated in the back.  The driver, who owned the SUV, consented to a search of the vehicle.  Behind Adams's seat,

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Officer Bush found a bag containing a semi-automatic rifle. Adams, whom Officer Bush had handcuffed, tried to jump over a fence when he saw Officer Bush discover the rifle.

The Commonwealth charged Adams with persons not to possess firearms and carrying a firearm without a license.[2] Adams proceeded to a non-jury trial in June 2014, and the trial court convicted him of both offenses. In August 2014, the trial court imposed an aggregate sentence of 102 to 204 months of incarceration. This Court affirmed Adams's judgment of sentence in 2015, and our Supreme Court denied his petition for allowance of appeal on December 30, 2015. *See Commonwealth v. Adams*, 122 A.3d 1148 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1285 (Pa. 2015). Adams did not petition the U.S. Supreme Court for a writ of *certiorari*. His judgment of sentence thus became final on March 29, 2016. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13.1.

In April 2016, Adams filed a motion for an evidentiary hearing on newly discovered evidence, which the lower court treated as a first PCRA petition, and later dismissed. This Court affirmed the order dismissing Adams's PCRA petition. *See Commonwealth v. Adams*, 175 A.3d 1089 (Pa. Super. 2017) (unpublished memorandum). Adams filed a second PCRA petition in July 2018, which the PCRA court dismissed. Adams appealed, but he failed to file

---

[2] *See* 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).

a brief, resulting in the dismissal of his appeal. *See* Superior Court Order, 9/6/19.

Adams filed his latest PCRA petition, his third, on June 9, 2021, citing our Supreme Court's July 2020 opinion in *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020), and asserting that his prior counsel were ineffective for failing to raise a claim that the Commonwealth relied solely and improperly on hearsay evidence at his preliminary hearing. The PCRA court issued a Pa.R.A.P. 907 notice of intent to dismiss the petition as untimely. *See* Rule 907 Notice of Intent, 7/20/21.[3] Adams timely responded to the PCRA court's notice of intent, and the court dismissed his petition on October 12, 2021. Adams timely appealed. The PCRA court did not order Adams to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925.

Adams raises the following issues for our review:

1. Was [Adams] denied his right to effective assistance of counsel in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments when counsel failed to object to preliminary hearing hearsay testimony provided by [the] Commonwealth's sole witness, Patrolman Ira Bush, recognizing *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020), clarifying that *Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172 (Pa. 1990) is and was the law at the time of [Adams's] preliminary hearing?

2. Was [Adams] denied his right to effective assistance of appellate counsel in violation of the Fourth, Fifth, Sixth, and

---

[3] As noted above, Adams's judgment of sentence became final on March 29, 2016. He therefore had until March 29, 2017 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1).

Fourteenth Amendments when counsel failed to challenge the lawfulness of the Commonwealth establishing *prima facie* that a crime was committed based solely on hearsay testimony?

Adams's Brief at 4 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. Super. 2018) (internal citation and quotations omitted).

Adams alleges ineffective assistance of counsel in both of his issues; but before we review these issues on the merits, we must first determine whether Adams properly invoked the PCRA court's jurisdiction over his facially untimely serial petition.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may

not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may still consider an untimely PCRA petition only if the petitioner can plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[4] *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven).

Adams does not dispute that his petition was untimely but argues that *McClelland* is a "reaffirmance of the validity" of *Verbonitz*, a case decided before his trial, and that this is "an indication of retroactive intent." Adams's Brief at 12. He further argues that *McClelland* has retroactive applicability because it is a "material change in decisional rule." *Id*. at 13. The gravamen of Adams's claim thus appears to be that the PCRA court had jurisdiction over his untimely petition because of a constitutional right subsequently recognized by the Pennsylvania Supreme Court that the Court held applies retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

The PCRA court considered Adams's claim and concluded it lacked jurisdiction to entertain his petition on this basis. The PCRA court observed that Adams's petition was facially untimely and that there is no indication from

---

[4] Any PCRA petition invoking an exception under Section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

our Supreme Court that **McClelland** has retroactive applicability. **See** Rule 907 Notice, 7/20/21, at 2-3 (unnumbered).

Based on our review, the PCRA court's conclusion is free of legal error. To invoke the PCRA court's jurisdiction over his facially untimely petition under Section 9545(b)(1)(iii), Adams was required to plead and prove that our High Court has already held the asserted constitutional right is both new and has retroactive applicability. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011); 42 Pa.C.S.A. § 9545(b)(1)(iii). However, Adams failed to do so.[5] Because Adams did not plead and prove the retroactive applicability of **McClelland** and fails to make the requisite showing now on appeal, we conclude the PCRA court properly determined that he failed to establish the applicability of Section 9545(b)(1)(iii), and that it therefore lacked jurisdiction to entertain Adams's petition.[6] **See Taylor**, 65 A.3d at

---

[5] Adams failed to plead a section 9545(b)(1)(iii) claim in his petition, but instead only included it in his response to the PCRA court's notice of intent to dismiss. Because Adams failed to plead this exception in his petition, we could affirm dismissal of this claim on this basis. **See Commonwealth v. Derrickson**, 923 A.2d 466, 469 (Pa. Super. 2007) (holding, "[I]f, after he received the PCRA court's notice of its intent to dismiss, [the petitioner] desired to properly allege any of the exceptions enumerated under . . . § 9545(b)(1), then he should have sought leave to amend his petition in order to present such allegations."). However, because the PCRA court premised its dismissal of Adams's petition on section 9545(b)(1)(iii), we address the issue.

[6] In his PCRA petition, Adams attempted to invoke the PCRA court's jurisdiction under the governmental interference and newly discovered fact exceptions pursuant to Sections 9545(b)(1)(i) and (ii). **See** Adams's Third PCRA Petition,
*(Footnote Continued Next Page)*

468; ***Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008) (affirming dismissal of a PCRA petition because "[the] PCRA petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA . . ..").  As such, Adams has failed to show the timeliness exception contained in 42 Pa.C.S.A. § 9545(b)(1)(iii) applies.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2022

---

6/9/21, at 3.  Adams, however, has not asserted on appeal, nor developed any argument, that Sections 9545(b)(1)(i) or 9545(b)(1)(ii) apply, and has therefore abandoned these issues.  ***See Commonwealth v. Pacheco***, 263 A.3d 626, 649 n.23 (Pa. 2021) (noting that "[i]t is well-settled that where a claim has been presented to the trial court, but abandoned on appeal, [an appellate court] should not pass upon it[,] because failure to pursue an issue on appeal is just as effective a forfeiture as is the failure to initially raise the issue.") (internal brackets, quotations, and citation omitted).